■ WEAVER STREET PROPERTIES, LLC, Appellant, v COLD STONE CREAMERY, INC., Respondent. [882 NYS2d 233]—

In an action, inter alia, to recover damages for breach of a commercial lease, the plaintiff appeals from an order of the Supreme Court, Westchester County (R. Bellantoni, J.), entered July 17, 2008, which denied its motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

In June 2006 the plaintiff landlord and the defendant tenant entered into a commercial lease for a period of 10 years. The lease provided, in pertinent part, that the defendant's liability for nonpayment of rent would not exceed an aggregate amount equal to the base rent for 12 months or the remainder of the rent due pursuant to the lease, whichever was less. The lease also provided that in the event the defendant ceased operation in or vacated or abandoned the premises during the term of the lease, the plaintiff would be entitled to recover accelerated rent.

In December 2007 the plaintiff commenced this action against the defendant seeking, inter alia, to recover accelerated rent based upon the defendant's abandonment of the subject premises during the term of the lease. Thereafter, the plaintiff moved for summary judgment on the complaint. In opposition, the defendant argued, among other things, that before it vacated the premises, the lease was effectively terminated by the plaintiff based upon the defendant's nonpayment of rent. Thus, the defendant argued that its liability was capped at the base rent for 12 months. The Supreme Court denied the plaintiff's motion for summary judgment. We affirm.

The Supreme Court properly determined, in effect, that triable issues of fact exist as to whether the defendant abandoned the premises during the term of the lease so as to warrant invocation of the lease's acceleration clause, and whether the plaintiff effectively terminated the lease based upon the defendant's failure to pay rent. Accordingly, since the plaintiff did not demonstrate its prima facie entitlement to judgment as a matter of law (see *Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), its motion for summary judgment was properly denied, regardless of the sufficiency of the opposing papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The parties' remaining contentions are not properly before us. Mastro, J.P., Fisher, Eng and Hall, JJ., concur.